UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                    Plaintiff,

-against-

CHESTNUT PETROLEUM DIST., INC., CPD
ENERGY CORP., CPD NY ENERGY CORP,
CHESTNUT MART OF GARDINER, INC.,
CHESTNUT MARTS, INC., GREENBURGH FOOD
MART, INC., MIDDLETOWN FOOD MART, INC.,
and NJ ENERGY CORP,

                    Defendants.

Case No. 7:19-CV-03904-NSR-JCM

## STIPULATED PROTECTIVE ORDER

Plaintiff United States of America and Defendants Chestnut Petroleum Dist., Inc., CPD Energy Corp., CPD NY Energy Corp, Chestnut Mart of Gardiner, Inc., Chestnut Marts, Inc., Greenburgh Food Mart, Inc., Middletown Food Mart, Inc., and NJ Energy Corp (individually "Party" and collectively "Parties") stipulate and agree, through their respective undersigned counsel, to the entry of a protective order governing the production, dissemination, and use of documents, data, testimony or other information or materials constituting Confidential Materials (as defined below) that are exchanged in the course of discovery in the course of the above-captioned action (the "Action").

1.     If a Party or non-party that will be producing or disclosing discovery in the Action (a "Producing Entity") believes that any document, data, testimony, or other information or material, or any portion thereof, contains: (a) business information customarily and actually treated as confidential and which if disclosed could result in competitive harm; (b) confidential financial information, business plans, or marketing plans, trade secrets, or information of a

personal nature, or (c) information that is subject to restrictions on disclosure pursuant to a non-disclosure or confidentiality agreement with a third party, the Producing Entity may designate such materials as "Confidential" (the "Confidential Materials"). In the case of documents or portions of document, such designation shall be made by stamping such documents or portions of documents with the legend "CONFIDENTIAL". In the case of data, testimony, or other information or material, designation shall be made by clearly identifying such materials to be confidential pursuant to this Protective Order in correspondence to counsel, such as by cover letter. For the purposes of this Protective Order, Confidential Materials shall include the documents, information and material designated as "Confidential" pursuant to this Paragraph, and any copies, portions, summaries, or excerpts thereof. This Protective Order shall not apply to materials exchanged by the Parties prior to commencement of this Action.

2. Should any Party object to the classification of materials as Confidential Materials, and should the Parties be unable to resolve the objection informally, then the Party objecting to such classification may seek a ruling from the Court determining that the materials are not properly designated as Confidential Materials. Until and unless the Court rules to the contrary, all materials designated as Confidential Materials shall be treated as prescribed in this Protective Order for materials so designated.

3. No Party concedes that documents or information designated by any Producing Entity as Confidential Materials in fact contain or reflect confidential or proprietary information, or have been properly so designated. Subject to Section 2, a Party shall not be obligated to challenge the propriety of the designation of documents or information as Confidential Materials at the time made, and failure to do so shall not preclude a subsequent challenge thereof.

4. All Confidential Materials shall be used by any Party (and/or anyone else entitled to receive them pursuant to the terms of this Protective Order) to whom they are disclosed and/or their attorneys solely for the purposes of preparing for and conducting the Action and any and all related appeals, and shall not be used in any manner outside of the Action or for any other purpose, except that nothing contained in this Protective Order in any way prevents, limits, or impairs the right of the United States and its agencies (including the Department of Justice and EPA) to use the information as authorized or required by law.

5. Confidential Materials shall not be disclosed in any manner to any person or entity except to:

   a. Counsel in this Action, which (i) in the case of Plaintiff means attorneys employed by the Department of Justice ("DOJ") or the United States Environmental Protection Agency ("EPA"), and clerical, paralegal, secretarial or support staff or other employees of DOJ or the EPA who are assisting counsel in connection with the Action; and (ii) in the case of Defendants means counsel of record and in-house counsel for the Defendants, including attorneys regularly employed or retained by such counsel and clerical, paralegal, and secretarial staff employed or retained by such counsel and who are assisting counsel in connection with the Action.

   b. Parties to this Action, which (i) in the case of Plaintiff means the EPA and any representatives or employees of the EPA that Plaintiff in good faith determines need access in connection with assisting in the evaluation and prosecution of the Action, and (ii) in the case of Defendants means officers, directors, representatives or employees that Defendants in good faith determine need access in connection with assisting in the evaluation and defense of the Action.

   c. experts assisting any Party to this Action in the evaluation, prosecution, or defense of the Action, provided that such persons are first given a copy of this Protective Order and execute the certificate in the form annexed hereto, which certificate shall be retained by counsel for such Party;

   d. any potential witness or deponent that a Party believes in good faith may need to be called to give testimony at deposition or trial in this Action, to the extent that the witness or deponent's potential testimony may relate to documents designated as Confidential Materials or the information contained therein provided that such persons are first given a copy of this

3

Protective Order and execute the certificate in the form annexed hereto, which certificate shall be retained by counsel for such Party;

e. court reporters or stenographers employed in connection with the Action;

f. the District Court and Court personnel (subject to Paragraph 7);

g. other individuals as authorized or required by law; or

h. other individuals as agreed to in writing by the Producing Entity.

6. The foregoing shall be without prejudice to the right of the Parties hereto to object to the production of materials they consider not subject to discovery. The production, dissemination and use of Confidential Materials in the course of the Action shall not waive any privilege or other objection to the use of such materials in the Action.

7. Before filing or offering as exhibits in open court any pleadings or other documents that contain Confidential Materials, the Parties shall confer and attempt to agree on redactions that would permit the filing or offering of the pleadings, exhibits, or other documents in open court. If the Parties are unable to agree on such redactions, the Party seeking to file or offer the documents shall move the Court in which the documents will be filed for an order permitting such pleadings or other documents to be filed or offered under seal or, if the Party does not agree with the classification of the documents as containing Confidential Materials, challenge that designation with the Court in accordance with the procedures set forth in Paragraph 2. No pleadings or other documents that contain Confidential Materials shall be publicly filed or offered before the applicable Court's ruling on any such motion.

8. Within thirty (30) days after the termination of the Action, including any and all related appeals, the Parties shall take reasonable efforts to return to the Producing Entity or destroy all Confidential Materials, and all electronic and/or paper copies thereof, and such return or destruction shall include any Confidential Materials a Party shared with any person

pursuant to Section 6 or hereof. However, counsel and Parties may retain copies of: (i) documents filed with a court; (ii) documents used as exhibits at any trial, hearing or deposition in connection with the Action; (iii) transcripts of any hearing, deposition or trial in connection with the Action; (iv) attorney work product or agency deliberative materials; and (v) any materials required to be retained under the Federal Records Act, whether or not such work product contains or references Confidential Materials. Additionally, "reasonable efforts" do not require parties to attempt to delete electronic copies of Confidential Materials retained on back-up tapes, servers, archives or similar recordings that are not readily accessible to employees of counsel or the Parties. Any retained Confidential Materials shall continue to be subject to the dissemination and use restrictions of this Protective Order.

9. Nothing contained herein shall prevent any Producing Entity from disclosing its own Confidential Materials (e.g. materials containing that Party's own financial information, business plans, marketing plans, trade secrets, or personal information) as it deems appropriate, and any disclosure or use by a Producing Entity of its own Confidential Materials shall not be a waiver of the provisions contained herein.

10. If Confidential Materials in the possession of a receiving Party are subpoenaed by any court, administrative or legislative body, or any other person purporting to have authority to subpoena such information, the Party to whom the subpoena is directed shall give written notice of the subpoena to the attorneys for the Producing Entity as soon as possible, but in no event later than (10) business days before the time when production of the information is requested by the subpoena. In the event that the subpoena purports to require production of such Confidential Materials on less than ten (10) business days' notice, the Party to whom the subpoena is directed shall give immediate telephonic notice of the receipt of such subpoena to

the attorneys for the Producing Entity. The Party to whom the subpoena is directed shall not produce Confidential Materials until the Producing Entity has had reasonable time to object or otherwise take appropriate steps to protect the Confidential Material. Notwithstanding the foregoing, nothing in this Protective Order requires a Party to disclose a subpoena to a Producing Party where prohibited by law, and nothing herein shall be construed to require a subpoenaed Party to disobey or refuse to comply with a subpoena or request.

11. In the event that Confidential Materials are disclosed to someone not authorized under the terms of this Protective Order to receive such information, counsel of record for the Party involved with the disclosure shall, if and to the extent permitted by applicable rules of professional conduct and privilege and applicable law, immediately inform counsel of record for the Producing Entity, describing the circumstances surrounding the unauthorized disclosure, and shall take reasonable steps to retrieve the Confidential Materials.

12. The inadvertent disclosure of any document that is subject to a legitimate claim that such document should have been withheld from disclosure on the basis of the attorney-client privilege, work product doctrine or any other privilege ("Protected Material") shall not waive any privilege or other applicable protection for such document or for the subject matter of the document if the Producing Entity, upon becoming aware of the disclosure, promptly requests the return of such document. Except in the event that the receiving Party disputes the claim of privilege or protection, the receiving Party shall promptly upon written request use reasonable efforts to return or destroy any such documents. In the event that the inadvertently disclosed documents are destroyed, the receiving Party shall provide written certification of compliance within ten (10) days of such written request. In the event that the receiving Party disputes the producing Party's claim as to the protected nature of the material or the claim that it

was inadvertently disclosed, a single set of copies may be sequestered and retained by and under the control of receiving Party's counsel for the sole purpose of seeking a determination of the issue by the Court. The second through fourth sentences of paragraph 8, above, shall apply to the return or destruction of documents provided in this paragraph 12.

13. Nothing in this Protective Order constitutes consent by the United States to close any judicial proceeding or portion thereof to the public, and the United States reserves the right to object to such closure. *See generally* 28 C.F.R. § 50.9 (policy on open proceedings).

14. This Protective Order may be modified only by written agreement signed by counsel for all Parties or upon Order of the Court. No term of this Protective Order shall be waived except by means of a writing executed by the waiving Party.

15. The terms of this Protective Order shall survive the termination of the Action and continue in full force and effect with respect to materials exchanged during the course of discovery in the Action.

**STIPULATED AND AGREED:**

Dated: March 9, 2020

**GEOFFREY S. BERMAN**
**United States Attorney for the**
**Southern District of New York**

By: _____
Christopher Connolly
Rachael L. Doud
Assistant United States Attorneys
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 6372761/3274
E-mail:
Christopher.connolly@usdoj.gov
Rachael.doud@usdoj.gov

*Attorney for the United States of America*

**NIXON PEABODY LLP**

By: _____
Adam B. Gilbert, Esq.
Thomas M. Mealiffe, Esq.
Tower 46
55 West 46th Street
New York, New York 10036
(212) 940-3000
Email:
agilbert@nixonpeabody.com
tmealiffe@nixonpeabody.com

*Attorney for Defendants*

SO ORDERED THIS 10th DAY OF March, 2020.

_____
Judith C. McCarthy
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      Plaintiff,

-against-

CHESTNUT PETROLEUM DIST., INC., CPD
ENERGY CORP., CPD NY ENERGY CORP,
CHESTNUT MART OF GARDINER, INC.,
CHESTNUT MARTS, INC., GREENBURGH FOOD
MART, INC., MIDDLETOWN FOOD MART, INC.,
and NJ ENERGY CORP,

                      Defendants.

Case No. 7:19-CV-03904-NSR-JCM

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned _____ (print or type name of person, firm, consultant or expert) hereby acknowledges that he or she received a copy of the Protective Order in the above-captioned action, has read the Protective Order, agrees to be bound by all the provisions thereof, and hereby submits to the jurisdiction and venue of the United States District Court for the Southern District of New York for the purpose of enforcement of the terms of the Protective Order and the punishment of violations thereof.

Dated: _____

_____
[Signature]

_____
[Address]

_____

_____
[Phone Number]