UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------

UNITED STATES OF AMERICA,

                  Plaintiff,

-against-

CHESTNUT PETROLEUM DIST., INC., *et al.*,

                  Defendants.

**ORDER**

19-CV-03904 (PMH)

---------------------------------------------------------------

PHILIP M. HALPERN, United States District Judge:

      Plaintiff United States of America, acting on behalf of the United States Environmental Protection Agency ("EPA"), filed this action on May 1, 2019 against Defendants Chestnut Petroleum Dist., Inc., CPD Energy Corp., CPD NY Energy Corp, Chestnut Mart of Gardiner, Inc., Chestnut Marts, Inc., Greenburgh Food Mart, Inc., Middletown Food Mart, Inc., and NJ Energy Corp (collectively, "Defendants"). (Doc. 1, "Compl."). The EPA alleged that Defendants owned and/or operated twenty facilities at which they operated underground gasoline tanks in violation of Subtitle I of the Resource Conversation and Recovery Act ("RCRA") and its related regulations. (*Id*. ¶¶ 2-5, 27-99). The violations alleged include, *inter alia*, failure to perform spill or leak detection, failure to operate corrosion protection systems, and failure to investigate suspected leaks or "unusual operating conditions." (*Id*. ¶ 4). Pressing eight claims for relief, the EPA sought an injunction directing "Defendants to comply with the relevant statutory and regulatory requirements . . . and to perform any necessary remedial actions," together with civil penalties. (*Id*. ¶ 5; *see also id*. ¶¶ 102, 105, 108, 111, 114, 117, 120, 123). After approximately one year of litigation, the EPA represents that the parties have reached a settlement in this action (the "Proposed Consent Decree"). (*See* Doc. 60-1, "Prop. Consent Decree").

On June 30, 2020, the EPA filed a Notice of Lodging of Proposed Consent Decree. (Doc. 60; *see also* Prop. Consent Decree). More than one month later, on August 12, 2020, the EPA filed the instant motion to enter the Proposed Consent Decree and advised that Defendants consented to the relief sought therein. (Doc. 61; Doc. 62, "EPA Br." at 1).[1] Defendants have not opposed the motion. Upon review of the Proposed Consent Decree and the EPA's memorandum of law in support of the motion, the motion to enter the Proposed Consent Decree is GRANTED.

## **ANALYSIS**

The Second Circuit instructs that in "reviewing a proposed consent judgment involving an enforcement agency . . . the district court [must] determine that the proposed consent decree is fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the consent decree includes injunctive relief." *S.E.C. v. Citigroup Global Mkts., Inc.*, 752 F.3d 285, 294 (2d Cir. 2014) (internal citations and quotation marks omitted). To determine whether the Proposed Consent Decree is "fair and reasonable," the Second Circuit requires that the Court, "at a minimum, assess (1) the basic legality of the decree; (2) whether the terms of the decree, including its enforcement mechanism, are clear; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." *Id*. at 294-95 (internal citations and quotation marks omitted). As for evaluating whether injunctive relief would disserve the public interest, "the district court must assure itself the public interest would not be *disserved* . . . . The job of

---

[1] The Proposed Consent Decree instructs that it "shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7. The United States reserves the right to withdraw or withhold its consent if the comments regarding the [Proposed] Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate." (Prop. Consent Decree ¶ 81). The Court assumes, based upon the fact that the Proposed Consent Decree was lodged for more than thirty days and in light of the instant motion, that the United States does not "withdraw or withhold" its consent to entry of the Proposed Consent Decree.

determining whether the proposed . . . consent decree best *serves* the public interest . . . rests squarely with the [federal government], and its decision merits significant deference." *Id*. at 296 (internal citations and quotation marks omitted, emphasis added). "Absent a substantial basis in the record for concluding that the proposed consent decree does not meet these requirements, the district court is *required* to enter the order." *Id*. at 294 (emphasis added). The Court concludes both that the Proposed Consent Decree is fair and reasonable, and that the associated injunctive relief does not disserve the public interest.

Turning first to the issue of whether the Proposed Consent Decree is fair and reasonable, each of the four factors is met and dispensed with in short order. First, the Proposed Consent Decree is legal "so long as it is within the Court's authority to enter the decree and within Plaintiff's authority to enforce it." *United States v. Int'l Bus. Machs. Corp.* ("IBM"), No. 14-CV-936, 2014 WL 3057960, at *2 (S.D.N.Y. July 7, 2014). The Court has authority to enter the Proposed Consent Decree and the RCRA allows the EPA to initiate this action and seek injunctive relief and penalties. *See* 42 U.S.C. §§ 6991e(a)(1), (d)(2). Second, the Proposed Consent Decree is clear if it "properly define[s] its key provisions." *Id*. at *3 (alteration in original, internal quotation marks omitted). The Court finds this factor is met; the Proposed Consent Decree outlines Defendants' agreement to pay a $187,500 civil penalty and the process associated therewith (Prop. Consent Decree ¶¶ 11-13), the injunctive relief and reporting requirements (*id*. ¶¶ 14-31), and the parties' agreement for stipulated penalties for violating the agreement (*id*. ¶¶ 32-43). Third, the Proposed Consent Decree resolves expressly those claims pressed by the EPA and provides the EPA with the relief sought in the Complaint (*i.e.*, penalties and injunctive relief). (*Compare* Compl. ¶¶ 5, 102, 105, 108, 111, 114, 117, 120, 123, *with* Prop. Consent Decree ¶¶ 11, 14-23; *see also* Prop. Consent Decree ¶ 63 (noting that the Proposed Consent Decree resolves all claims for violations through "the Date of

Lodging of the Consent Decree")). As to the final element, "[n]o evidence of collusion or corruption appears in the record. Therefore, the Court finds the proposed Consent [Decree] is not tainted." *Acosta v. Bratcher*, 343 F. Supp. 3d 108, 113 (W.D.N.Y. 2018). Accordingly, the Court concludes that the Proposed Consent Decree is fair and reasonable.

Turning secondly to the issue of injunctive relief, the Court finds that the Proposed Consent Decree's terms would not disserve the public interest. The EPA represents that the Proposed Consent Decree, which was available for public comment for thirty days and received neither comment nor objection, "appropriately balance[s] myriad competing factors, including the need to protect the public health, the strength of the [EPA's] case against Defendants, the litigation risks involved in proceeding to trial, and the goal of minimizing the expense of litigation." (EPA Br. at 9). The EPA argues also that the settlement "is appropriately designed to require that Defendants comply with relevant provisions of the RCRA and the . . . regulations going forward and ensure that Defendants pay an appropriate civil penalty." (*Id*.) Upon review of the Proposed Consent Decree in which Defendants admitted violating various regulations (Prop. Consent Decree ¶ 5), the Court concludes that none of the agreement's provisions disserves the public interest and "finds no reason to disturb the significant deference that [the EPA's] determination deserves." *IBM*, 2014 WL 3057960, at *4.

## **CONCLUSION**

Based upon the foregoing, Plaintiff's motion to enter the Proposed Consent Decree is GRANTED. The Consent Decree will be separately docketed. The Clerk of the Court is respectfully directed to terminate the pending motion sequence (Doc. 61) and close this case.

**SO ORDERED:**

Dated: New York, New York
September 11, 2020

_____
PHILIP M. HALPERN
United States District Judge